CATHERINE ROACH, as Administratrix, etc., of THOMAS H. ROACH, Deceased, Respondent, *v.* THE CITY OF OGDENSBURG, Appellant.

*Negligence — duty of a city in regard to the condition of a street — held to a greater degree of care than a town — the condition of the street and the question of notice are questions for the jury.*

In an action brought to recover damages for injuries, which caused the death of the plaintiff's intestate, alleged to have resulted from the negligence of the defendant, it appeared that the intestate was driving a team over a city street, which was intersected by the track of a street railroad; that across said street and track the city had constructed a crosswalk which was raised several inches above the grade of the street, so that the railroad track was depressed where it crossed the crosswalk to the extent of two or three inches; that on one side of the crosswalk there was a rut formed by the wheels of vehicles, which had made an excavation below the concrete roadbed of from five to seven inches; that the wheels of the wagon of the intestate went into the depression and the intestate was thrown upon the roadbed and his wagon passed over and killed him.

*Held,* that whether the street at this point was in a reasonably safe condition, or, if it was unsafe, whether the city authorities had notice of its condition, or were chargeable with such notice, were questions proper for the jury, their verdict upon which should not be disturbed.

*Semble,* that a city is held to a higher degree of responsibility in regard to the condition of a principal thoroughfare than a town or village would be where the defect existed in a country road.

APPEAL by the defendant, The City of Ogdensburg, from a judgment of the Supreme Court in favor of the plaintiff, entere~ in the office of the clerk of the county of St. Lawrence on the ~2d day of January, 1895, upon the verdict of a jury rendered after a trial at the St. Lawrence Circuit, and also from an order entered in said clerk's office on the 17th day of January, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Louis Hasbrouck,* for the appellant.

*John M. Kellogg,* for the respondent.

MAYHAM, P. J.:

This action was prosecuted by the plaintiff against the defendant to recover for the alleged negligence of the defendant in the maintenance of a public street in allowing it to be so far out of repair as

to cause plaintiff's intestate, while driving on such street, to be thrown from his wagon and be so injured as to cause his death.

The action is prosecuted by the mother of the intestate, as administratrix of his estate.

The case discloses that intestate was eighteen years of age and engaged in driving a team drawing loads in the city of Ogdensburg, and that while passing over one of its principal streets he was thrown from his wagon upon the concrete roadbed, the wagon passing over some portion of his body and so injuring him that he soon thereafter died from such injury.

The principal contention on the part of the appellant is, that there was a failure on the part of the plaintiff to establish, by proof, any negligence of the defendant which would justify a recovery against the city for the injury complained of.

On the part of the plaintiff it was shown that at about the place where this injury occurred Ford street was intersected by the track of a street railroad; that across said street and also across the track of the railroad a crosswalk had been constructed by the defendant, raised several inches above the even grade of the street and so graded on either side as to make passage over it easy, and that through said crosswalk the railroad track had a depression of from two to three inches, and that on one side of this crosswalk there had been an excavation, or rut, formed by the wheels of vehicles passing over it, which made a depression below the surface of the concrete of from five to seven inches, and that into this depression the wheels of intestate's wagon fell, which so jostled the wagon as to throw intestate from his seat upon the roadbed.

Evidence was offered by the plaintiff tending to prove that this depression in the surface of the street had been there, at least, from the twenty-second of April until the eighth of the succeeding May, when the injury occurred, and that its existence was known to the street commissioner at the time of cleaning the street on the twenty-second of April, and no steps are shown to have been taken on the part of the defendant, or any of its agents, to repair the same. And there is some evidence tending to show that during that interval other persons driving upon the street had driven into this depression, and a hack driver was thrown off his hack by reason of driving into the same.

On the part of the defendant it was contended that this depression was not greater than many others in the city, and that in view of the large amount of public streets to be cared for by the city authorities the street was in a reasonably good state of repair, and that the defendant could not be held responsible for injuries growing out of the condition of the street shown to exist at this point.

These contested questions of fact were properly, we think, submitted to the jury by the trial judge. Whether the street at this point was in a reasonably safe condition, and, if unsafe, whether the city authorities had notice of its condition, or by reason of its long continuance were chargeable with notice, were questions properly submitted to the jury, and their verdict upon those questions cannot be disturbed on appeal.

It is true, as contended by the learned counsel for the defendant, that the burden of satisfying the jury of the existence of negligence on the part of the defendant rests with the plaintiff, and while, as claimed by him, in every case there is always a preliminary question for the court as to whether there is any evidence upon which the jury can properly find a verdict for the party producing it, and upon whom the burden of proof is imposed, yet, if there be any evidence of negligence, it is equally the duty of the court to submit the question to the jury for their determination. This has long been the well-established rule, and we do not think it has been disturbed or overruled by the case of *Lane* v. *The Town of Hancock* (142 N. Y. 510).

In that case the court had under consideration the question of negligence, as applied to the maintenance of a country road in a sparsely settled community, on which there was but a small amount of public travel.

In the case at bar the question arises as to the maintenance of the principal thoroughfare of a large and populous city, and in the recent case of *Wood* v. *The Town of Gilboa* (not reported) the court seemed to have recognized a clear distinction between the streets of a populous city or village and a country road in determining the question of negligence of a town or city.

We think the question of negligence in this case was properly submitted to the jury as a question of fact, and we see no errors in

the rulings of the learned trial judge which call for a reversal of the judgment entered upon the verdict in this case.

The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.